IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CECIL ALLEN SANDERS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv549 |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| THE TREASURY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are the Federal Defendants' Motion to Dismiss (Dkt. 14) and the Motion to Dismiss of Defendant American Postal Workers Union, AFL-CIO (Dkt. 24). After reviewing the record, the Court finds that the motions should be GRANTED as stated below and that Plaintiff's case should be dismissed in its entirety.

**BACKGROUND**

Plaintiff's pleadings here are not altogether clear. During the course of these proceedings Plaintiff has filed a "Motion to Stop Garnishment" (Dkt. 13), "Motion to Stop the Treasury Department from Taking Tax Refund" (Dkt. 18), a "Brief" praying for the Court to stop restitution (Dkt. 20), and a "Brief" regarding his "rebuttal pertaining to Garnishment of Taxes" and "Garnishment of Disability retirement" (Dkt. 22).

Plaintiff apparently seeks to stop the garnishment of certain federally funded benefits he claims are owed to him. Apparently, the garnishment is a result of restitution payments owed to the Government as a result of a sentence in a criminal case against Sanders in this District. Plaintiff has

1

also made allegations of employment discrimination in some of his pleadings.

Plaintiff has named and/or served the following Defendants: the United States of America, Postmaster General, John Potter, the U.S. Postal Service, the U.S. Department of Justice, the U.S. Department of the Treasury, U.S. Attorney for the Eastern District of Texas, and Kathy Nash for the Financial Litigation Unit, Eastern District of Texas (collectively appearing as "the Federal Defendants" and represented by the United States attorney) and the American Postal Workers Union, AFL-CIO (appearing separately and represented by separate counsel).

All Defendants seek to have this matter dismissed for failure to state a claim. The Court notes that Sanders has not filed any pleadings directly responding to the motions to dismiss. However, in light of his *pro se* status, the Court has reviewed all documents filed by Sanders to determine whether any contain arguments responding to those raised by Defendants. The Court has found no meritorious responses in any of Sanders's pleadings. For these reasons, the Court finds dismissal is warranted.

### STANDARD

Defendants seek to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal for failure to state a claim does not require,

however, an appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported some set of facts consistent with the allegations in the complaint. *Id.*

#### ANALYSIS

Here, Plaintiff's complaint appears to be based on a claim that he should not be required to make restitution payments or that those court-mandated payments should not be garnished from his checks before he receives them. Sanders does not identify any specific causes of action or statutory provisions that support his request to cease making restitution payments.

In addition to his claims about wrongful garnishment, Sanders's amended complaint — filled out on a general complaint form – also attaches a "Complaint under Title VII of the Civil Rights Act" and makes claims of failure to promote, reverse discrimination, retaliation, age discrimination and "Veterans Ref." *See* Dkt. 7 at 6. Other than the listing of claims, Sanders offers no explanation as to his Title VII employment allegations, and none of the causes of action selected by Sanders appear to be appropriate for the facts alleged by him in this case.

. Although the Court does not have the complete procedural history before it as to the recent garnishment of his federal benefits, Sanders attached to his original complaint a notice from the Department of the Treasury stating that he had previously been provided notice of the intent to collect on the restitution amounts owing and the rights available to him as to those collection efforts. *See* Dkt. 1. The restitution payments were ordered to be made pursuant to a sentence entered by the Honorable Judge Paul N. Brown as a result of Sanders's conviction in this District for bank fraud and

making false statements to the small business administration. *See* Dkt 14-5. There is no indication in the record that Sanders has followed any procedures set forth in the Treasury Department notices in order to delay or otherwise object to the reduction of his federal payments.

Further, Sanders has not shown why garnishment of certain federal payments is not permissible or otherwise violates federal or state law. The procedures for issuance, enforcement, and modification of restitution orders are outlined in 18 U.S.C. § 3664. That statute provides in part that upon receipt of notification of "***a material change in the defendant's economic circumstances***" the "court *may*, on its own motion, or the motion of any party including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Although Sanders has claimed he has suffered "hardship," he has made no allegations regarding material changes in his economic circumstances, as is required by the statute in order for the restitution to be modified. Morever, even with a showing of material change, any modification of restitution payments is within the Court's discretion. *Id.* The Court is not satisfied that Sanders has shown a material change in his circumstances here. Therefore, as to any complaints against the Federal Defendants pertaining to his restitution payments or the garnishment of certain federal payments to satisfy the restitution sentence made by Judge Brown, the Court finds that Sanders has failed to state a claim and recommends that the claims be dismissed.

As to Defendant the American Postal Workers Union and Sanders's complaints about the restitution payments, Sanders claims that it "failed in not using the law to assist me in several areas, on of restitution [sic] connection to help." Dkt. 7 at 3. Sanders has not cited any duty owed to him by the American Postal Workers Union, and the Court agrees with Defendant that there is no

indication that any such duty exists. Moreover, Sanders has not alleged any factual support for this purported cause of action against the union. As such, the Court finds Sanders has failed to state a claim and that his claims against the American Postal Workers Union should be dismissed.

Although Sanders's pleadings clearly focus on the garnishment resulting from his unpaid restitution payments, the Court also notes a vague reference in his amended complaint to an employment discrimination claim. Having reviewed the entire record before it, the Court finds Sanders has failed to state any claims under Title VII. Primarily, there is no indication Sanders was ever employed by any of the Defendants, and, assuming he was employed by at least some of them, the dates of his employment or the facts supporting his claims of employment discrimination are never outlined in his pleadings. In fact, the Federal Defendants raised this argument in their motion to dismiss, and Plaintiff has not rebutted it or supplemented the record in any way with allegations supporting a viable claim under Title VII. Therefore, the Court finds that those claims should be dismissed as well.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Federal Defendants' Motion to Dismiss (Dkt. 14) and the Motion to Dismiss of Defendant American Postal Workers Union, AFL-CIO (Dkt. 24) be GRANTED as set forth above and that Sanders's claims in this matter be dismissed with prejudice. Any future claims regarding restitution should be brought in accordance with 18 U.S.C. §3664 and the administrative procedures set forth by the Department of the Treasury.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.

§ 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6